**HERMAN CHEMICAL CO. v. MELLON, Secretary of the Treasury, et al.**

(Court of Appeals of District of Columbia. Submitted December 7, 1925. Decided January 4, 1926.)

No. 4333.

**1. Intoxicating liquors ☞108(1)—Proceeding to cancel permit for denaturing plant held prosecuted under proper section of Prohibition Act.**

Proceeding for cancellation of permit to operate denaturing plant for violation of law in disposing of product held properly prosecuted under National Prohibition Act, tit. 2, § 9 (Comp. St. Ann. Supp. 1923, § 10138½dd), rather than under title 2, § 5 (Comp. St. Ann. Supp. 1923, § 10138½bb), requiring analysis and notice to show cause.

**2. Intoxicating liquors ☞108(9)—Order revoking permit to operate denaturing plant held not void for delayed entry.**

Order revoking permit to operate denaturing plant held not void, because not rendered within 10 days after hearing, as required by regulations.

Appeal from Supreme Court of District of Columbia.

Suit by the Herman Chemical Company against A. W. Mellon, Secretary of the Treasury, and others. Decree for defendants, and plaintiff appeals. Affirmed.

W. H. Ellis, A. H. Ferguson, and Joseph Cantrel, all of Washington, D. C., for appellant.

Peyton Gordon and H. W. Orcutt, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This suit was brought by the appellant to enjoin the appellees from revoking a permit theretofore issued to appellant to operate a plant for denaturing alcohol under the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). A final decree was entered by the lower court against appellant, whereupon this appeal was taken.

It is conceded that at the times now in question the appellant company was engaged in operating a denaturing plant under per-

mit No. 78, to operate denaturing plant No. 111, and that the appellees were about to revoke the permit. The appellant, however, denies the validity of the proceedings whereby the appellees sought to effect the revocation. The proceedings in question were prosecuted under section 9 of title 2 of the National Prohibition Act (41 Stat. 311 [Comp. St. Ann. Supp. 1923, § 10138½dd]), which reads as follows:

"Sec. 9. If at any time there shall be filed with the commissioner a complaint under oath setting forth facts showing, or if the commissioner has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this act, or has violated the laws of any state relating to intoxicating liquor, the commissioner or his agent shall immediately issue an order citing such person to appear before him on a day named not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation, which citation shall be accompanied by a copy of such complaint, or in the event that the proceedings be initiated by the commissioner with a statement of the facts constituting the violation charged, at which time a hearing shall be had unless continued for cause. Such hearings shall be held within the judicial district and within fifty miles of the place where the offense is alleged to have occurred, unless the parties agree on another place. If it be found that such person has been guilty of willfully violating any such laws, as charged, or has not in good faith conformed to the provisions of this act, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter. Should the permit be revoked by the commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in section 5 hereof. During the pendency of such action such permit shall be temporarily revoked."

The record discloses that after several attempts to revoke the appellant's permit the Acting Commissioner of Internal Revenue, on April 23, 1924, made a finding that there was reason to believe that the appellant as permittee under permit 78 aforesaid, had not in good faith conformed to the provisions of the National Prohibition Act, in that among other alleged violations of the act the permittee had withdrawn from its plant and delivered to certain parties 200 barrels of specially denatured alcohol, and at the same time knowingly and falsely recorded and reported on government forms that the barrels contained fully denatured alcohol.

At this point it may be noted that specially denatured alcohol, formula 39–B, is capable of various uses not possible for completely denatured alcohol, and furthermore the denaturing ingredients thereof may be removed by redistillation or other processes, and pure ethyl alcohol fit for beverage purposes may thus be recovered. Moreover the sale of specially denatured alcohol is forbidden except to persons holding a permit under bond to purchase the same. No such requirement exists as to purchasers of completely denatured alcohol. Proceedings were accordingly begun by the commissioner against the permittee under section 9, and after a hearing of the evidence, the permittee appearing by counsel, the hearing officer on August 28, 1924, sustained the foregoing charge, and revoked and canceled the permit. This action was approved on the same day by the prohibition commissioner. A review of these proceedings convinces us that they were based upon legal evidence, and conformed throughout to the requirements of section 9 aforesaid. Accordingly they were valid, if such proceedings may be prosecuted under that section.

[1] The appellant, however, contends that, in order to revoke such a permit, the permittee must be proceeded against under section 5 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½bb), and not under section 9, as was done in this instance. Section 5 requires, among other things, that the commissioner shall cause an analysis of the article in question to be made before serving notice upon the permittee, and that notice be served upon the appellee to show cause why the article should not be dealt with as an intoxicating liquor; whereas section 9 does not require such an analysis, and the notice required by it differs in certain particulars from that of section 5. The appellant claims that these provisions are jurisdictional in character, and that, since they were not followed, the order of revocation was null and void.

We do not agree with this contention. Section 4 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½b) provides that certain enumerated articles shall not, after having been manufactured and prepared for the market, be subject to the provisions of the act, if they correspond with certain descriptions and limitations set out in the section. Among the articles thus exempted are "denatured alcohol or denatured rum pro-

duced and used as provided by laws and regulations now or hereafter in force"; also certain medicinal preparations, unfit for use for beverage purposes; patented, patent, and proprietary medicines, unfit for use for beverage purposes; toilet, medicinal, and antiseptic preparations and solutions, unfit for use for beverage purposes; flavoring extracts and sirups, unfit for use as a beverage; and vinegar and preserved sweet cider.

These provisions are followed by section 5 of the act, reading as follows:

"Sec. 5. Whenever the commissioner has reason to believe that any article mentioned in section 4 does not correspond with the descriptions and limitations therein provided, he shall cause an analysis of said article to be made, and if, upon such analysis, the commissioner shall find that said article does not so correspond, he shall give not less than fifteen days' notice in writing to the person who is the manufacturer thereof to show cause why said article should not be dealt with as an intoxicating liquor, such notice to be served personally or by registered mail, as the commissioner may determine, and shall specify the time when, the place where, and the name of the agent or official before whom such person is required to appear.

"If the manufacturer of said article fails to show to the satisfaction of the commissioner that the article corresponds to the descriptions and limitations provided in section 4 of this title, his permit to manufacture and sell such article shall be revoked. The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant, and during the pendency of such proceedings may restrain the manufacture, sale, or other disposition of such article."

In our opinion the revocation proceedings in the instant case are not within the purview of section 5. Therefore it was not necessary that an analysis should be made or notice given thereunder, as claimed by the appellant. The section provides a method whereby the commissioner, if he has reason to believe that an article claiming the benefit of section 4 does not in fact correspond to the descriptions and limitations thereof, shall cause an analysis of the article to be made, and, if he finds that it does not so correspond, he shall cause a hearing to be had, and upon proper findings shall revoke the permit of the party to manufacture and sell such article. The purpose of this proceeding is to ascertain whether the article in question is being manufactured and prepared according to law. On the other hand, the purpose of section 9 is to ascertain whether "any person who has a permit" has not in good faith conformed with the provisions of the act, whether in the preparation or disposition of the article, or has violated the laws of any state relating to intoxicating liquor, even though the article produced by him may have been manufactured and prepared in strict compliance with law. This is the offense charged against the appellant. See Hoell v. Mellon (D. C.) 4 F. (2d) 859; McGill v. Mellon (D. C.) 5 F. (2d) 262; Blackman v. Mellon (D. C.) 5 F. (2d) 987. The penalty prescribed for a conviction in such case is that the offender's permit shall be revoked, and that no permit shall be granted to such person within one year thereafter. Regulations 61, articles 100 to 111.

[2] The appellant also argues that under section 1932 of article 19, Regulations 60, it was the duty of the hearing officer to render his decision, and either revoke the permit or dismiss the proceedings within 10 days after the hearing; whereas in this instance the officer did not file his decision until several months later. It is contended that this provision is jurisdictional, and therefore that the order of revocation is void. This view is not tenable, for, even if the regulation is applicable to this proceeding, it is directory only, and not jurisdictional. 2 Lewis' Sutherland, Statutory Construction (2d Ed.) § 612.

The decree of the lower court, dissolving the injunction pendente lite and dismissing the plaintiff's bill, is affirmed with costs.